UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT MALCOLM and TIM MCGOUGH, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund; and each of their successors,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MOLTRON ENTERPRISES, INC. and PATRICK A. BUCKNER, individually,<br><br>　　　Defendants. | Civil File No. 06-0502 MJD/SRN<br><br><br><br><br>**FINDINGS OF FACT,<br>CONCLUSIONS OF LAW, AND<br>ORDER FOR ENTRY OF DEFAULT** |

This matter was heard before the undersigned on the 8th day of May, 2006.

**FINDINGS OF FACT**

1.　Plaintiffs filed a Summons and Complaint in this matter on February 6, 2006. Defendants were served with the Summons and Complaint in this matter on February 7, 2006.

2.　Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

3.　Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. ' 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and

training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendants were bound to the terms of a Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5. The Collective Bargaining Agreement requires employers to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.

6. The Collective Bargaining Agreement requires employers to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreement.

7. The Collective Bargaining Agreement also requires that employers make available its employment and payroll records for examination and audit by the Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the trust funds and to ascertain whether an employer, such as Defendants, have properly complied with its contribution obligations.

8. The Collective Bargaining Agreement and Trust Agreements provide that an

employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

9. Plaintiffs performed an audit of the Defendants' records for the period of June, 2005 through November, 2005 and Plaintiffs= auditor prepared an invoice based upon the records produced. Pursuant to the audit, the Plaintiffs discovered hours worked by various employees governed by the Collective Bargaining Agreement for which fringe benefit contribution payments were not made. The total amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the audit period of June, 2005 through November, 2005 is $1,616.69. The total amount due for liquidated damages for the audit period of June, 2005 through November, 2005 is $161.67.

10. Defendants have failed to submit the fringe fund reports and contributions for the months of December, 2005, January, 2006, February, 2006, and March, 2006.

11. Plaintiffs reasonably believe that Defendants employed individuals during these months. Furthermore, Defendants are obligated to remit the reports, indicating, if appropriate, that no hours were worked.

12. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Entry of Default.

2. Defendants are obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney fees and costs incurred in collecting the delinquency.

3. Defendants owe the Funds $1,616.69 for fringe benefit contributions for the audit period of June, 2005 through November, 2005.

4. Defendants owe the Funds $161.67 for liquidated damages for the audit period of June, 2005 through November, 2005.

5. Defendants are required to submit the December 2005, January 2006, February 2006, and March 2006 fringe fund reports and payment for the contributions due per those reports.

## ORDER

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default [Doc. No. 4] is granted.

2. That Defendants must file the reports for the months of December 2005, January 2006, February 2006, and March 2006, if they have not already been submitted, at the offices of Wilson McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, correctly identifying hours worked pursuant to the Collective Bargaining Agreement within ten days of service of this Order upon them.

3. That Defendants pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the months of December 2005, January 2006, February 2006, and March 2006, plus the remaining amounts due for the audit period of June 2005 through November 2005.

4. That upon the filing of the outstanding reports for the months of December 2005, January 2006, February 2006, and March 2006, by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court.

Dated: May 16, 2006                    BY THE COURT:

                                              s / Michael J. Davis
                                              The Honorable Michael J. Davis
                                              United States District Court Judge